**In the Matter of the Application for the DISCIPLINE OF James J. LAWTON, III, an Attorney at Law of the State of Minnesota.**

No. C2–87–72.

Supreme Court of Minnesota.

April 21, 1987.

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed with this court a petition alleging that the respondent James J. Lawton, III, has violated certain rules of conduct in his practice subjecting him to professional discipline. The allegations of the petition charge the respondent with a number of violations concerning the keeping of records, being dilatory in the handling of client matters, failing to reveal conflicts of interest, having unintentional shortages in his trust account, comingling of funds in his trust account, failing to maintain proper books and records, falsely certifying to this court that he was keeping appropriate records, and matters of neglect of probate cases. After interposing an answer to the Director's complaint, the respondent has now withdrawn his answer and, therefore, unconditionally admits all the allegations of the petition. Moreover, in the stipulation the respondent has waived all of his rights under the Rules on Lawyers Professional Responsibility, including the right to a hearing before a referee, the right to have findings and conclusions and a recommended disposition made by the referee, the right to contest such findings and conclusions, and the right to a hearing before this court. In the stipulation the respondent and the Director agree that notwithstanding the various infractions of professional rules by the respondent, most of the violations were the result of poor record keeping rather than intentional misuse of client funds, and that no clients suffered any financial loss and that the fact that client funds may have been intermingled was through negligence and through lack of adequate bookkeeping and not intentionally.

The court having examined the petition and the files herein considered the respondent's admission of misconduct NOW ORDERS:

1. Effective fourteen days from the date of this order, the respondent shall be suspended from the practice of law for a period of sixty days.

2. From the date of the end of the suspension period, the respondent shall be on three years' supervised probation.

3. The respondent shall pay to the Director $500 in costs pursuant to Rule 24(a), Rules on Lawyers Professional Responsibility.

4. The conditions of respondent's probation shall be as follows:

a. At all times he shall abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegations of unprofessional conduct. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation and this order.

b. Respondent shall initiate and maintain office procedures to insure prompt responses to correspondence and other communications from clients, courts and other persons and which will insure that respondent

regularly review each and every file and legal matter entrusted to him on a timely basis.

c. Within two weeks of this order, the respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of the probation herein granted. Failure to nominate a supervisor acceptable to the Director shall result in granting to the Director the option to appoint any licensed Minnesota lawyer to serve as respondent's supervisor. The supervisor chosen shall file a written report with the Director at least quarterly or at such other more frequent intervals as may reasonably be requested by the Director.

d. It shall be the obligation during the term of the probation that respondent cooperate fully with supervisor and the Director's office in efforts to monitor compliance with the probation and in any investigations of further unprofessional conduct which may arise.

e. Respondent shall report at least quarterly to the supervisor concerning the status of all matters then being handled by respondent and concerning compliance with the terms and conditions of the probation.

f. In the event respondent is retained to handle any probate matters or any other matters concerning or related to estates of decedents or incompetents, respondent shall notify his supervisor and keep the supervisor advised of respondent's progress in completing such files.

g. Respondent shall employ a certified public accountant to review his books, set up and instruct respondent in the maintenance of appropriate accounting or bookkeeping procedures to ensure compliance with Rule 1.15, MRPC and shall supply to the Director an affidavit of compliance from the certified public accountant.

h. Respondent shall maintain appropriate books and records concerning law office income and expenses and funds held on behalf of clients, all in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion 9. All such books and records shall, upon request, be subject to review by the Director.

5. Based upon the stipulation, the requirements of Rule 18(a) through (d) shall be waived. Further, respondent shall have one year from the date of this order in which to complete successfully the professional responsibility portion of the Minnesota State Bar Examination.